# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| Christopher McClain, Individually and on Behalf of Others Similarly Situated<br>        Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-03001-S |
| Manu-Force Corp. (Formerly Manu-Force, LLC), Jennifer J. Kearney, and John Daniel Kearney, Jr.,<br>        Defendants. | §<br><br><br>§ | <br><br><br>JURY DEMANDED |

## MOTION TO PROCEED WITHOUT LOCAL COUNSEL

Plaintiff Christopher McClain ("Plaintiff") seeks an order from this Court for Leave to Proceed without Local Counsel and in support thereof would show as follows:

Plaintiff has brought this lawsuit against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended ("FLSA"). Douglas B. Welmaker is co-counsel for Plaintiff (*see* Notice of Appearance, filed December 2, 2024, ECF No. 4) and does not reside or maintain a principal office within 50 miles of the Dallas federal courthouse.

Pursuant to Local Rule 83.10(a)[1] of the Northern District of Texas, designation of local counsel, as defined therein, would be required absent leave. However, given Mr. Welmaker's experience regarding FLSA single and collective action lawsuits, which he has litigated for over 25 years, and his prior experience litigating cases in the Northern District of Texas, Plaintiff hereby seeks leave to proceed without local counsel.

---

[1]Local Rule 83.10 states "Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial."

Granting leave to allow Plaintiff to proceed without the requirement to retain additional local counsel[2] will avoid duplication of effort and spare additional legal expense that the retention of local counsel will necessarily incur.

Respectfully submitted,

**WELMAKER LAW, PLLC**

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**THE BUENKER LAW FIRM**

Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF CHRISTOPHER MCCLAIN**

---

[2] Both Judge Barbara Lynn (*Pacheco v. Insane Vinyl, LLC et al*, CA 3:22-cv-1478-M, Dkt. 6), Judge Brantley Starr (*Owens v. AMK Desoto*, CA 3:22-cv-1455-X, Dkt. 8 and *Lozano v. Go Wild Fabrication & Welding LLC*, CA 3:22-cv-2107-X, Dkt. 9) and Judge O'Connor (*Frazier v. KM Holdings, Granbury, LLC et al*, CA 4:23-cv-761-O, Dkt. 6) have granted the same motion to proceed without local counsel.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served via Notice of Electronic Filing through the CM/ECF system on December 2, 2024.

        /s/ Douglas B. Welmaker
        Douglas B. Welmaker

3