IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOHER MCCLAIN, Individually and on Behalf of Others Similarly Situated | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-cv-03001-S |
| MANU-FORCE CORP. (Formerly Manu-Force LLC), JENNIFER J. KEARNEY, AND JOHN DANIEL KEARNEY, JR. | § § § § § | |
| Defendants | § § | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendants Manu-Force Corp., Jennifer J. Kearney, and John Daniel Kearney, Jr. (collectively "Defendants") file this Answer to Plaintiff's Original Collective Action Complaint ("the Complaint") as follows:

## I. RESPONSE TO COMPLAINT ALLEGATIONS

Defendants deny the allegations in the Plaintiff's Summary of Lawsuit.

1.   Defendants admit that Plaintiff performed maintenance work on equipment belonging to Defendant Manu-Force's customers in the first half of 2024. Defendants deny the remaining allegations in ¶ 1 of the Complaint.

2.   Defendants deny the allegations in ¶ 2 of the Complaint.

3.   Defendants deny the allegations in ¶ 3 of the Complaint.

4.   Defendants admit that Plaintiff performed maintenance work at customers' locations. Defendants deny the remaining allegations in ¶ 4 of the Complaint.

5.   Defendants deny the allegations in ¶ 5 of the Complaint.

6.   Defendants deny the allegations in ¶ 6 of the Complaint.

7. Defendants deny that Plaintiff was entitled to overtime pay and thus denies the allegations in ¶ 7 of the Complaint.

8. Defendants deny the allegations in ¶ 8 of the Complaint.

9. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 9 of the Complaint. Therefore, they are denied.

10. Defendants admit that Manu-Force is a Texas corporation. The remainder of ¶ 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in ¶ 10 of the Complaint.

11. Defendants deny the allegations in ¶ 11 of the Complaint.

12. Defendants deny the allegations in ¶ 12 of the Complaint.

13. Defendants deny the allegations in ¶ 13 of the Complaint.

14. Defendants deny the allegations in ¶ 14 of the Complaint.

15. Defendants deny the allegations in ¶ 15 of the Complaint.

16. ¶ 16 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 16 of the Complaint.

17. Defendants admit that Plaintiff worked more than forty hours in some weeks. Defendants deny the remaining allegations in ¶ 17 of the Complaint.

18. Defendants are without sufficient knowledge to admit or deny the allegations in ¶ 18 of the Complaint. Therefore, they are denied.

19. Defendants deny that McClain was entitled to overtime compensation and therefore deny the allegations in ¶ 19 of the Complaint.

20. Defendants deny the allegations in ¶ 20 of the Complaint.

21. Defendants admit that Defendant Jennifer J. Kearney is an owner of Defendant

Manu-Force. Defendants deny the remaining allegations in ¶ 21 of the Complaint.

22. Defendants deny the allegations in ¶ 22 of the Complaint.

23. Defendants admit that Plaintiff asserts a claim for the failure to pay overtime wages under the FLSA. Defendants deny the remaining allegations in ¶ 23 of the Complaint.

24. Defendants deny the allegations in ¶ 24 of the Complaint.

25. Defendants deny the allegations in ¶ 25 of the Complaint.

26. Defendants admit that Plaintiff seeks to assert a claim for the failure to pay overtime wages under the FLSA on behalf of Plaintiff and others but denies that the proposed collective class is proper. Defendants deny the remaining allegations in ¶ 26 of the Complaint.

27. Defendants admit that Plaintiff seeks to assert a claim for the failure to pay overtime wages under the FLSA on behalf of Plaintiff and others but denies that the proposed collective class is proper. Defendants deny the remaining allegations in ¶ 27 of the Complaint.

28. Defendants deny that Defendant Manu-Force is a proper defendant to Plaintiff's FLSA claim. Defendants admit that Defendant Manu-Force was served with process.

29. Defendants admit that Defendant Jennifer J. Kearney was served with process but deny that she is a proper defendant to Plaintiff's FLSA claim.

30. Defendants admit that Defendant John Daniel Kearney, Jr. was served with process but deny that he is a proper defendant to Plaintiff's FLSA claim.

31. Defendants admit this Court has jurisdiction over Plaintiff's claim and that venue is proper.

32. Defendants admit that Plaintiff requested a trial by jury.

33. Defendants deny that Plaintiff is entitled to the relief requested.

34. Defendants specifically deny each and every allegation of the Complaint which has

not heretofore been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

## II. DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff is not the proper party and lacks standing to bring this lawsuit. Defendant Manu-Force contracted with McClain Boyz LLC and not Plaintiff in his individual capacity.

3. Defendants deny that Plaintiff is entitled to recover any overtime wages because at all applicable times he was contractually recognized as an independent contractor and as such was exempt from eligibility for overtime pay.

4. Defendants were not Plaintiff's employers under the FLSA.

5. Plaintiff was exempt from the overtime provisions of the FLSA and was therefore not entitled to overtime wages.

6. The Complaint fails because it does not adequately define the alleged similarly situated individuals Plaintiff seeks to represent.

7. Plaintiff cannot satisfy the requirements of a collective action under FLSA, and some or all claims asserted are barred, because Plaintiff is not similarly situated to the group of individuals he seeks to represent.

8. Plaintiff cannot satisfy the requirements of a collective action under FLSA, and some or all claims asserted are barred, because Plaintiff is not similarly situated to the group of individuals he seeks to represent, and/or the alleged similarly situated individuals he seeks to represent are not similarly situated to one another.

9. The claims of Plaintiff and the alleged similarly situated individuals he seeks to represent are barred to the extent that they did not work more than 40 hours in any given work

week.

10. Defendants had reasonable grounds to believe that any acts or omissions were not in violation of the FLSA. Any alleged violations of the FLSA were not willful and, therefore, any of Plaintiff's claims arising thereunder or the same claims of some or all of the alleged similarly situated individuals he seeks to represent, that occurred more than two years prior to the date the Complaint was filed or the date any alleged similarly situated individual opts in to this civil action are barred by the two year statute of limitations provided in 29 U.S.C. § 255. Defendants should also thus not be liable for liquidated damages.

11. Any unpaid wage claims are barred, in whole or in part, because the amounts claimed were properly excluded.

12. Collective relief is inappropriate because individual issues predominate over those issues generally applicable to the collective action.

13. The Complaint cannot proceed as a collective action to the extent Plaintiff lacks standing to represent any other alleged similarly situated individuals.

14. The claims of Plaintiff and the alleged similarly situated individuals he seeks to represent are barred, in whole or in part, by the equitable doctrines of laches, waiver, judicial, collateral, and equitable estoppel, and/or unclean hands.

### III. REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that, after a trial or summary adjudication, the Court grant a take-nothing judgment in Defendants' favor and award Defendants their taxable costs. Defendants further requests all other relief, at law and in equity, to which they are justly entitled.

Respectfully submitted,

/s/ William Hammel
William E. Hammel
Texas Bar No. 24036714
Wood Edwards LLP
1700 Pacific Avenue, Suite 2440
Dallas, Texas 75201
PH:  (214) 760-6893
EM:  billy@mylawteam.com
Counsel for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

Josef F. Buenker, Esq.
The Buenker Law Firm
P.O. Box 10099
Houston, TX 77206
PH:  (713) 868-3388
EM:  jbuenker@buenkerlaw.com

Douglas B Welmaker, Esq,
Welmaker Law PLLC
409 N. Fredonia Suite 118
Longview, TX 75601
PH:  (512) 799-2048
EM:  doug@welmakerlaw.com

Counsel for Plaintiff

/s/ William Hammel
William Hammel