IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Christopher McClain, Individually and on Behalf of Others Similarly Situated<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-3001-S |
| Manu-Force Corp. (Formerly Manu-Force, LLC), Jennifer J. Kearney, and John Daniel Kearney, Jr.,<br>    Defendants. | § | JURY DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The attorneys for Plaintiff and Defendants conferred by email and telephone on February 10, 2025. Counsel for Plaintiff was Douglas Welmaker and Josef Buenker. Counsel for Defendants was William Hammel.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Specify the allegation of federal jurisdiction.

   This Court has federal question jurisdiction since the claims arise wholly under federal law, namely, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Name the parties who disagree and the reasons.

   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Individuals who were similarly situated in their work with Defendant should be given an opportunity to participate in this lawsuit as a plaintiff. Plaintiff plans to file a motion for notice under the FLSA by May 16, 2025.

6. List anticipated interventions.

   None anticipated at this time.

7. Describe class-action issues.

   Individuals who were similarly situated in their work with Defendant should be given an opportunity to participate in this lawsuit as a plaintiff. Plaintiff plans to file a motion for notice under the FLSA by May 16, 2025.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiff has made his initial disclosures. Defendants will make their initial disclosures no later than February 28, 2025.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   (1) The parties do not believe that any changes in the timing, form or requirement for disclosure under Rule 26(a) should be made.

   (2) The discovery plan as agreed to between the parties relative to Plaintiff's claims and Defendants' defenses is stated herein.

   (3) The parties are not aware of any issues relating to disclosure or discovery of electronically stored information that need to be addressed by the Court at this time. The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon request, to produce electronically stored information in a widely acceptable readable format, if available. Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format.

   (4) The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time. The parties agreed to preserve and return privileged information that may be inadvertently disclosed during discovery.

   (5) The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed.

   (6) The parties do not believe that any orders should be entered by the Court under Rule 16(b) and (c), except for the entry of the Court's scheduling and docket control order.

  (7)  The parties agree that electronic service shall constitute proper service in this case.

 B.  When and to whom the Plaintiff anticipates he may send interrogatories.

  Plaintiff anticipates sending interrogatories to Defendants before the end of the discovery period.

 C.  When and to whom the Defendants anticipate they may send interrogatories.

  Defendants anticipate sending interrogatories to Plaintiff before the end of the discovery period.

 D.  Of whom and by when plaintiff anticipates taking oral depositions.

  Plaintiff anticipates taking the oral deposition of the corporate representative(s) of the defendant before the end of the discovery period. Plaintiff also anticipates taking the oral deposition(s) of one or more employees of the defendant, and perhaps third-party witnesses who worked with or around the plaintiff. The identities of such individuals have not yet been determined.

 E.  Of whom and by when the defendant anticipates taking oral depositions.

  Defendant anticipates taking the oral deposition of the plaintiff before the end of the discovery period, as well as depositions of any opt-in plaintiffs and fact witnesses named by the plaintiff.

 F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

  The parties do not anticipate that testifying experts will be necessary in this matter.

 G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  None known at this time.

 H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  None known at this time.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

      Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

12. State the date the planned discovery can reasonably be completed.

    January 30, 2026.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties are presently engaged in settlement discussions. If the case cannot be settled at this stage of the litigation, the parties are optimistic that settlement talks after the collective action process concludes will be fruitful.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Counsel for the parties agree to continue settlement discussions for possible resolution out of court.

15. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Mediation would probably be most suitable, if any alternative dispute resolution is ordered.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    At this time, the parties have not agreed to proceed to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A jury was timely requested by Plaintiff in the Original Complaint.

18. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| Josef F. Buenker<br>Texas State Bar No. 03316860<br>Federal ID No. 11498<br>P.O. Box 10099<br>Houston, Texas 77206<br>713-868-3388<br>713-683-9940 (fax)<br>jbuenker@buenkerlaw.com<br><br>Douglas B. Welmaker<br>State Bar No. 00788641<br>Welmaker Law, PLLC<br>409 N. Fredonia, Suite 118<br>Longview, Texas 75601<br>Phone: (512) 799-2048<br>Email: doug@welmakerlaw.com | Attorneys for Plaintiff |
| William E. Hammel<br>Texas Bar No. 24036714<br>Wood Edwards LLP<br>1700 Pacific Avenue, Suite 2440<br>Dallas, Texas 75201<br>PH: (214) 760-6893<br>EM: billy@mylawteam.com | Attorney for Defendants |

*/s/ Josef F. Buenker*                        2/11/2025
Josef F. Buenker                                     Date
Counsel for Plaintiff


*/s/ William E. Hammel*                     2/11/2025
William E. Hammel                              Date
Counsel for Defendants